UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-31271
Summary Calendar
_____


KENNETH R. DEROUEN,

                                                          Plaintiff.

          versus

TAYLOR ENERGY CO.,

                                                          Defendant.


TAYLOR ENERGY CO.,

                                        Third-party Plaintiff-Appellant,

          versus

SOUTHWEST FABRICATORS, INC.; RIUNIONE ADRIATICA DI SICURTA; and
ASSICURAZIONI GENERALI, S.P.A.,

                                        Third-party Defendants-Appellees.


_____

Appeal from the United States District Court
for the Western District of Louisiana
(Civ. No. 6:95-1110)
_____


July 10, 1997

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Taylor Energy Co. appeals from the district court's entry of judgment for third-party defendants Southwest Fabricators, Riunione Adriatica Di Sicurta, and Assicurazioni Generali S.P.A. (collectively "the Defendants") on Taylor's indemnity claim. Taylor had moved for summary judgment claiming an absence of genuine issues of material fact as to the application of the Louisiana Oilfield Anti-Indemnity Act (LOAIA). While the Defendants opposed the motion, they did not file their own cross-motion for summary judgment. The district court nevertheless determined that judgment should be entered in favor of the Defendants and that Taylor would not be prejudiced thereby. Taylor asserts that the court's entry of summary judgment was inappropriate for three reasons: the court's construction of the LOAIA was incorrect; there was insufficient evidence in the record for its conclusion; and the court improperly entered summary judgment *sua sponte*.

We first consider whether the district court erred in concluding the contract "pertained to a well," thereby making applicable the anti-indemnity provisions of Louisiana law. The LOAIA renders void indemnity agreements which protect the principal against its own fault at the expense of a contractor if the indemnity provisions are part of an agreement pertaining to an oil or gas well. La. Rev. Stat. Ann. § 9:2780(A). The question of whether a contract "pertains to a well" is no stranger to us,

having been the subject of numerous cases. *E.g.*, *Transcontinental Gas Pipeline Corp. v. Transportation Ins. Co.*, 953 F.2d 985 (5th Cir. 1992). The district court determined that the LOAIA applied for a number of reasons, one of them being on authority of our decision in *Broussard v. Conoco, Inc.*, 959 F.2d 42 (5th Cir. 1992). *Broussard* involved a contract to provide food service to production workers on a platform adjacent to a production platform. We concluded that the purpose of the contract was to sustain manpower for production, thereby supplying the required "functional nexus." *Id.* at 44-45. Here, likewise, Southwest provided employees who performed work on the platform's living quarters. Our recent decision in *Roberts v. Energy Dev. Corp.*, 104 F.3d 782 (5th Cir. 1997), bolsters our conclusion. We held in *Roberts* that a contract to provide safety equipment on a platform "pertained to a well" because it assisted in sustaining the manpower and equipment on the site. The record here indicates that Southwest employees worked on the platform's fire water protection system. We agree with the district court that the LOAIA renders unenforceable the indemnity provision of Taylor's contract with Southwest.

Taylor also argues that, regardless of the district court's construction of the LOAIA, it erred by assuming facts not in evidence. The Key is the question of whether the information contained on the delivery tickets indicates that Southwest performed the work the district court found it did. Having

3

reviewed this evidence, we conclude the district court did not err in relying upon it.

Taylor finally complains it had no notice that the district court was prepared to consider summary judgment in favor of the Defendants and that its consequent granting of judgment was improper. A district court need not wait for the filing of a cross-motion under Rule 56 before entering a summary judgment in favor of a non-movant. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991); *Jensen v. Snellings*, 841 F.2d 600, 618 (5th Cir. 1988); 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2720 ("the practice of allowing summary judgment to be entered for the nonmoving party in the absence of a formal cross-motion is appropriate" and "in keeping with the objective of Rule 56 to expedite the disposition of cases.") A court must be careful, however, that the original movant has had an adequate opportunity to show that there *is* a genuine issue and that the non-movant is *not* entitled to judgment as a matter of law. *Id.* Because Taylor's motion centered on the applicability of the LOAIA and the court granted judgment on that same issue, there can be no question that Taylor was in any way prejudiced. Taylor's reliance upon our decision in *Washington v. Resolution Trust Corp.*, 68 F.3d 935, 939 (5th Cir. 1995), is misplaced. In that case the district court entered a summary judgment on an issue that the losing party was not prepared to address. Here, by contrast, the issue ruled upon

4

was the same one briefed by Taylor in its own motion.  The issue was properly before the court and ripe for adjudication.

For these reasons, we affirm the district court's grant of summary judgment in favor of the Defendants on Taylor's indemnity claim.

AFFIRMED.